Filed 2/24/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEITH A. WILLIAMS,<br><br>    Defendant and Appellant. | B311161<br><br>(Los Angeles County<br>Super. Ct. No.<br>BA120015) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Veals, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

THE COURT.[*]

We conclude we have no jurisdiction to entertain defendant Keith Williams's (defendant's) appeal. We publish our opinion to emphasize an attorney's duty of candor to this court.

## I.  BACKGROUND

### A.  Trial Court Proceedings

The facts of defendant's crime are not important for our purposes. A trial jury found him guilty of robbery and burglary. In 1996, the trial court sentenced him to 35 years to life in prison, with the bulk of that sentence attributable to the "Three Strikes" law.

Decades later, in early 2021, defendant filed in the trial court what he styled as a "Petition for Modification of Sentence (Pursuant to P.C. 1170(d)(1).)." Defendant asked the court to modify his 1996 judgment based on "charging and sentencing policies" adopted by Los Angeles County District Attorney George Gascón. In a memorandum of points and authorities accompanying his petition, defendant quoted Penal Code section 1170, subdivision (d)(1)[1] and argued his 1996 sentence could be

---

[*]     Baker, Acting P. J., Moor, J., Kim, J.

[1]     In relevant part, the statute at the time of defendant's petition provided:  "When a defendant subject to this section . . . has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the

2

modified or recalled because "the district attorney's office considers that only 15 years of the 25 years [he] already served is more than enough" and the court could consider, under the same statutory provision, his good conduct in prison.

The trial court denied defendant's section 1170, subdivision (d)(1) petition for modification of sentence without appointing counsel for defendant. A minute order memorializing the court's ruling explains the petition was "denied as untimely" (coming, as it did, well after the 120-day period and without the requisite accompanying recommendation).

### B. *Proceedings on Appeal*

Defendant, in propria persona, noticed an appeal from the trial court's ruling. That set in motion the key events for our purposes.

Upon receipt of the notice of appeal, the clerk of this court forwarded it to the California Appellate Project (CAP) for a recommendation on appointment of counsel. The case was later assigned to this Division of the Court of Appeal for decision, and CAP was appointed to represent defendant in this appeal.

---

recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates . . . or the district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. . . . The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated . . . ." Undesignated statutory references that follow are to the Penal Code.

3

After CAP's Executive Director assumed responsibility for serving as counsel for defendant in this appeal, counsel filed a brief in this court captioned "APPELLANT'S OPENING BRIEF (*PEOPLE V. SERRANO* (2012) 211 Cal.App.4th 496 [(*Serrano*)])."

The short statement of the case in the brief included, pursuant to the provisions of the Rules of Court that require it (Cal. Rules of Court, rules 8.204(a)(2)(B), 8.360(a)), a one-sentence statement purporting to explain why the order appealed from is appealable. This is that sentence: "Appellant filed a Notice of Appeal from the ruling as an order after judgment affecting substantial rights. ([ ] Pen. Code, § 1237, subd. (b).)" The remainder of the brief requested this court to follow the procedures described in *Serrano*.[2]

---

[2] *Serrano* directs, in criminal appeals arising from proceedings other than the first appeal of right, that an appointed attorney who finds no arguable issues "should (1) inform the court he or she has found no arguable issues to be pursued on appeal and (2) file a brief setting out the applicable facts and the law." (*Serrano*, *supra*, 211 Cal.App.4th at 503.) Upon receipt of such a brief, a reviewing court following the *Serrano* procedure will inform the defendant that he or she may personally file a supplemental brief. (*Ibid*.) If such a brief is filed, there is authority holding that a reviewing court must then evaluate any arguments presented in that brief and issue a written opinion that disposes of the trial court's order on the merits. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1040 (*Cole*).) On the other hand, if no supplemental brief is filed, the court "will then either retain the appeal or dismiss it on [its] own motion." (*Serrano*, *supra*, at 503; accord, *Cole*, *supra*, at 1039-1040.)

Submitted with the opening brief itself was a sworn declaration of counsel stating it was made "IN SUPPORT OF REQUEST THAT THIS COURT FOLLOW THE PROCEDURES SET FORTH IN *PEOPLE v. SERRANO* [Citation]." Counsel declared he informed defendant of the "right to file a supplemental brief" and further stated he did not move to withdraw as counsel "at this time" but "remain[ed] available to brief any issues that the Court requests."[3] As is customary when such a brief is filed, the Attorney General did not file a respondent's brief or otherwise appear in this proceeding.

Upon receipt of the opening brief and assignment of the cause to a panel for decision, this court sought to discharge its duty to assure itself that it had jurisdiction to decide the appeal. (See, e.g., *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) Naturally, that first involved reviewing the statement of appealability included in the opening brief that we have already quoted ("Appellant filed a Notice of Appeal from the ruling as an order after judgment affecting substantial rights") and counsel's request that we process the appeal in accordance with the procedures outlined in *Serrano*. Independent research by the court, however, uncovered published authority—never cited in the opening brief—holding that a reviewing court has no jurisdiction to entertain an appeal of a section 1170, subdivision (d)(1) ruling of the type here because it is a nonappealable order. (See, e.g., *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1725-1726

---

[3]   Upon receipt of this self-styled *Serrano* brief, the clerk of this court transmitted to defendant the invitation to file a supplemental brief that *Serrano* contemplates. No supplemental brief was filed.

5

["[S]ince we have concluded the trial court no longer had jurisdiction to recall Chlad's sentence when it issued the order denying his motion, denial of the motion could not have affected Chlad's substantial rights.  (See *People v. Roe* (1983) 148 Cal.App.3d 112, 118 [ ] [judgment entered by the court after losing its jurisdiction under § 1170, subd. (d), has no effect and cannot be appealed].  [¶]  The trial court's . . . order denying Chlad's motion to modify sentence is not an appealable order"])] (*Chlad*).)

        After reviewing authority that supports finding the order in question to be a nonappealable order, this court directed counsel to submit a letter brief addressing: "(1) whether, consistent with the holding in [*Chlad*], the appeal is taken from a nonappealable order, and (2) whether the absence of a citation to *Chlad* (or other authority to the same effect) in the opening brief constitutes a violation of the Rules of Professional Conduct."  By citation, this court specifically directed counsel's attention to the rule that states a lawyer shall not "fail to disclose to the tribunal[ ] legal authority in the controlling jurisdiction known[ ] to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel . . . ."  (Rules Prof. Conduct, rule 3.3(a)(2) (Rule 3.3(a)(2)).)

        Counsel submitted a short letter in response to this court's direction.  It is remarkable both for what it says, and what it does not.

        Beginning with what the letter does not say, there is no contention that *Chlad* is distinguishable, nor any argument that *Chlad* should not be followed.  There is no assertion in the letter that *Chlad* (or authority to the same effect) was unknown to counsel at the time he filed the opening brief.  There is no

assertion that the absence of a citation to such authority in the opening brief was attributable to mistake, inadvertence, or administrative error.

Turning to what the letter does say, counsel asserts he appropriately did not cite authority indicating we have no jurisdiction to entertain this appeal. In counsel's words: "While Rule 3.3 requires attorneys to disclose controlling legal authority adverse to a position which he is arguing, counsel did not here advocate any legal position in his brief. At no point did counsel argue or state that the appeal was proper. Counsel only stated the basis of *his client's belief* that the appeal was proper, as required by this Court." (Emphasis ours.) The letter further asserts that including "[a] statement in the brief that the ruling appealed from is not appealable or a statement citing case law holding that a given ruling is not appealable would be equivalent to stating that the appeal is frivolous," which counsel believes (chiefly relying on *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*)) he cannot do consistent with his duties as a defense attorney who does not seek to withdraw from representation of a client.

After receiving the letter brief, we set the matter for oral argument. Counsel waived his appearance.

## II. DISCUSSION

The summary of the pertinent background facts we have already provided well foreshadows the reasons for our bottom-line disposition of this appeal. We shall accordingly spend the bulk of our discussion reviewing a lawyer's duty of candor to the court.

7

*A.     A Defense Attorney Has an Obligation to Disclose Known Authority Holding This Court Has No Jurisdiction to Decide an Appeal When the People Do Not Cite Such Authority*

Application of Rule 3.3(a)(2) is, on the face of the rule itself, rather straightforward under these circumstances. It prohibits an attorney from (1) failing to disclose to (2) a tribunal (3) legal authority in this State that is (4) known to the lawyer to be directly adverse to the position of the client and (5) not disclosed by opposing counsel. Each of these elements is satisfied on the record here. There is an undisputed failure to disclose *Chlad* and like authority to this court. That authority is directly adverse to defendant's position, at least insofar as he maintains he should be able to prosecute this appeal. And there is no assertion from counsel that *Chlad* and similar authority was unknown to him (or unknown to be adverse to his prosecution of this appeal) at the time counsel filed the opening brief.

Counsel, however, offers two arguments seemingly directed at establishing he did not fail to comply with his duty of candor to this court. He argues, first, that he personally made no affirmative representation that the order appealed from is an appealable order such that this court has jurisdiction. And counsel contends, second, that he need not make this court aware of applicable authority under the circumstances because disclosing authority that the appeal is taken from a nonappealable order is tantamount to a concession that the appeal is frivolous, which he cannot concede without withdrawing from the representation. Both points are unpersuasive.

Take first counsel's contention that he personally made no affirmative representation in the opening brief that the order

8

appealed from is an appealable order. Even taken on its own terms, the contention is irrelevant: Rule 3.3(a)(2) prohibits a lawyer from knowingly failing to disclose adverse authority, not just from making affirmative representations that are inconsistent with such authority. But the argument should not be taken on its own terms. Counsel is responsible for the content of briefs he files in this court (see, e.g., *In re Rozzo* (2009) 172 Cal.App.4th 40, 64, fn. 11), and asserting a legal basis for taking the appeal that reads as a representation by counsel but is perhaps phrased in a sufficiently ambiguous manner to later permit attribution solely to a client does not properly evade that responsibility.[4] Furthermore, counsel's assertion that he did not advocate any legal position in his opening brief and "at no point . . . state[d] that the lower court's ruling was legally appealable" is incorrect. The brief itself "requests this Court to follow the procedures set forth in *People v. Serrano*" and counsel's accompanying declaration is expressly submitted in support of the request that this court follow the *Serrano* procedure. We

---

[4]     Contentions and arguments advanced in appellate briefing are routinely phrased in terms of what the party, not the lawyer, contends or argues. Appellate practice would become quite uncertain if reviewing courts were forced to parse briefs to somehow try to determine whether every sentence stating that a party contends or asserts some proposition should be understood as a contention or assertion that the lawyer does or does not join in advocating on behalf of the client. If, for example, a brief asserts that the "defendant contends" the evidence is insufficient to support a conviction, a court should have every right to expect that the defendant's lawyer appearing at oral argument will not concede the evidence is sufficient and attribute the contrary position taken in the brief solely to his or her client.

9

have already summarized that procedure in the margin (a defendant is invited to personally file a supplemental brief with any contentions he or she wishes to raise and, at least in the eyes of *Cole* and other courts, a reviewing court must address any such contentions in a written opinion). That procedure should not be followed in an appeal where a court determines it has no jurisdiction to proceed. In other words, by the very act of prosecuting the appeal and requesting *Serrano* procedures to be followed, counsel represented to this court that we had the jurisdiction that permits following those procedures.

Consider next counsel's argument that his duty to refrain from arguing against his client trumps the duty of candor he owes to this court. This is a false choice; the two duties are readily reconciled because the duty of candor is one of disclosure, not acquiescence. That is to say, adverse on-point authority must be cited, but a lawyer is free to marshal arguments to persuade a court to reach a contrary conclusion. In more concrete terms, counsel here had an obligation to cite *Chlad* or similar authority in his opening brief's statement of appealability, but he was free to argue that the case authority is somehow distinguishable on its facts or unpersuasively reasoned such that this court should not follow it.[5] That, of course, is not what counsel did, and failing

---

[5] Pursuing such an approach does not invariably require lengthy exposition. Indeed, in this case, counsel could have kept to his short statement of appealability by simply adding an introductory clause: "Although there is authority finding a similar order nonappealable (*People v. Chlad* (1992) 6 Cal.App.4th 1719), this court should decline to follow that authority and permit the appeal to proceed as one taken from an order after judgment affecting substantial rights."

to cite applicable authority is all the more unfortunate when done in an appeal where, as here, an attorney knows the adverse party will not be making an appearance.

Counsel protests, though, that his chosen course of action is compelled by *Wende*, *supra*, 25 Cal.3d 436; *People v. Feggans* (1967) 67 Cal.2d 444 (*Feggans*); and *Serrano*, *supra*, 211 Cal.App.4th 496. Again, the claim is incorrect even when taken on its own terms.

In *Feggans*, our Supreme Court explained that United States Supreme Court precedent requires a defense attorney to "prepare a brief to assist the court in understanding the facts and the legal issues in the case. The brief must set forth a statement of the facts with citations to the transcript, discuss the legal issues with citations of appropriate authority, and argue all issues that are arguable. Moreover, counsel serves both the court and his client by advocating changes in the law if argument can be made supporting change. If counsel concludes that there are no arguable issues and the appeal is frivolous, he may limit his brief to a statement of the facts and applicable law and may ask to withdraw from the case, but he must not argue the case against his client." (*Feggans*, *supra*, 67 Cal.2d at 447.) Subsequently in *Wende*, our Supreme Court clarified that it is not "necessary" for a defense attorney to seek leave to withdraw as counsel when he or she concludes no arguable issues can be raised on appeal. (*Wende*, *supra*, 25 Cal.3d at 442 ["So long as counsel has not disabled himself from effectively representing his client by describing the case as frivolous, no reason appears why he should be required to request to withdraw. Indeed, there may be practical benefits to the court and the client from counsel's remaining on the case, as has been noted by some commentators

11

and courts"].)  Both *Feggans* and *Wende* (in citing *Feggans*) accordingly require an attorney who believes there are no arguable issues to nonetheless provide the reviewing court with a statement of "applicable law"; counsel concedes as much in his letter brief.  The requirement to inform the court of applicable law applies to a brief's statement of appealability just as it does to any other statement of the law.  Much like a defense attorney cannot knowingly refrain from citing applicable law to give the incorrect impression that only force, and not fear, can be an appropriate predicate for a robbery conviction, counsel cannot knowingly fail to cite applicable law that discusses what qualifies as an appealable order to give the incorrect impression that this court has jurisdiction when it does not.

We hasten to add, however, that we do not accept the premise of counsel's argument in the first place.  The *Wende* line of cases is of limited relevance because the question here is not whether any issue raised on appeal would be frivolous; the question is whether this court has jurisdiction to entertain the appeal regardless of its substantive merit.  We reiterate that attorneys have significant latitude to make arguments that an order is appealable and jurisdiction appropriate—and such arguments can be made even in the face of significant published authority holding to the contrary.  (Cf. *Feggans*, *supra*, 67 Cal.2d at 447 ["counsel serves both the court and his client by advocating changes in the law if argument can be made supporting change"].)  But in the infrequent circumstance where appointed counsel determines that there is in fact no argument that he or she can responsibly make in service of the proposition that this court has jurisdiction to hear and decide an appeal, it is appropriate for counsel in that circumstance to withdraw from

12

the representation. What cannot be done is to prosecute an appeal that counsel knows a reviewing court has no jurisdiction to decide while refraining from citing known, applicable law that would reveal the jurisdictional flaw.

We shall address one additional question, albeit not one raised in counsel's letter brief: if appointed counsel files a *Serrano* brief that most often leads to dismissal of an appeal, why does it matter whether that dismissal occurs because the court finds the appeal to be abandoned or because jurisdiction is lacking? There are two responses. First, following the *Serrano* procedure, with its solicitation for supplemental briefing from the defendant, invariably and unnecessarily delays dismissal of nonappealable cases. Second, unnecessary delay is compounded, and other problems arise, in those circumstances where the defendant *does* file a supplemental brief. When that occurs, the defendant expends wasted time and effort in preparing a brief, this court expends wasted time and effort in reviewing that brief, and—if the appealability problem is not discovered by the court on its own—courts customarily expend wasted time and effort preparing a written opinion that addresses the defendant's contentions in a case where it has no jurisdiction to do so.

### B.      Defendant's Appeal Must Be Dismissed for Lack of Jurisdiction

Fortunately, this court's own research in this case has mitigated some of the aforementioned problems. The trial court here denied defendant's section 1170, subdivision (d) petition because it was untimely and unaccompanied by a statutorily authorized recommendation for resentencing. We follow precedent holding the trial court's denial is a nonappealable

13

order.  (See, e.g., *Chlad*, *supra*, 6 Cal.App.4th 1725-1726 [order denying a section 1170, subdivision (d) motion to recall sentence is not an appealable order because the trial court no longer had jurisdiction to recall the defendant's sentence when it issued the order denying his motion; a defendant has no standing to bring an untimely section 1170, subdivision (d) motion]; see also *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084 ["If the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed"] (*Torres*); *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1208; *People v. Roe*, *supra*, 148 Cal.App.3d at 117.)  Indeed, we were given no reason not to follow this authority when we invited counsel to so argue (nor by defendant when the clerk, upon receiving the opening brief claiming the matter should proceed according to *Serrano* procedures, invited defendant to submit a supplemental brief).  Being taken from a nonappealable order, we are obligated to dismiss the appeal for lack of jurisdiction.  (*People v. Durham* (1969) 70 Cal.2d 171, 176, fn. 1; *Torres*, *supra*, at 1084.)

### C.    *Conclusion*

An order akin to the order here denying section 1170, subdivision (d)(1) relief is not an appealable order.  An order denying a habeas corpus petition is not an appealable order.  (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)  An attorney who prosecutes an appeal while failing to cite known authority that this court has no jurisdiction to entertain it violates the attorney's duty of candor (where the authority is not otherwise brought to the attention of the court by another party to the appeal).  Any such future violation, in the view of this court, may

14

warrant disciplinary review by the State Bar or other corrective action.

## DISPOSITION
The appeal is dismissed.

**CERTIFIED FOR PUBLICATION**